

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. T. Weber, President
Texas State Board of Dental Examiners
Austin, Texas

Dear Sir:

Opinion No. O-2743
Re: Validity of forty-two
advertisements by dentist
under Article 752b, Texas
Penal Code.

In compliance with your request of October 15, we
have given careful study to the volume prepared by you and
submitted to us containing forty-two separate newspaper
clippings of advertisements by dentists. In our Opinion No.
O-1992, copy of which is attached hereto, we construed Ar-
ticle 752b, Vernon's Annotated Penal Code of Texas, which
relates to dental advertisement. In this opinion we shall
not review the authorities mentioned in our Opinion No. O-
1992, but shall merely apply the principles announced in
that opinion to the various sample advertisements contained
in the exhibits submitted by you.

Exhibit No. 1 reads as follows:

"Dr. W. W. Snider
      Dentist
   Dublin, Texas
   Office Phone 68    Res. Phone 84"

We agree with you that Exhibit 1 is clearly a pro-
per type of newspaper advertisement or professional card in-
sertion.

Exhibit No. 2 which contains the names of two den-
tists, their office addresses and phone numbers, is likewise
proper. Article 752, Vernon's Annotated Penal Code of Texas,
expressly provides in part:

" * * *. Provided, however, this shall not
prevent two or more legally qualified dentists

from practicing dentistry in the same offices
as a firm, partnership, or as associates in
their own names as stated in licenses issued to
them. . . ."

Exhibit No. 3 is apparently an advertisement of two
dentists operating as a firm or partnership, their names in
the advertisement appearing as "Drs. Parker & Parker." We
believe such a combination of names in an advertisement is
likewise proper.

The advertisement in Exhibit No. 4 contains the
statement: "Member Seguin Chamber of Commerce." While a
statement of such a nature contained in an advertisement of
a dentist may not be in accordance with the highest standard
of ethics of that profession, we are unable to find any pro-
vision of Article 752b or other article relating to the prac-
tice of dentistry, which prohibits such a statement. In view
of the fact that criminal statutes are strictly construed, we
do not believe that this advertisement constitutes a violation
of Article 752b, Penal Code.

The advertisement in Exhibit 5 contains the statement:
"Emergency calls after office hours answered promptly" which
you state "is considered by the Board of Dental Examiners as
being surplusage and extraneous matter foreign to the intent
of the Penal Code, Article 752a, and the concluding paragraph
of Article 752b, Acts 1937, 45th Legislature, for in neither
article quoted is there any intimation that a practitioner may
call attention to his particular ability to answer the tele-
phone promptly, but the Act merely states that he may list his
resident number and address." We are unable to find any pro-
hibition in Article 752a to such a statement. The concluding
paragraph of Article 752b to which you refer reads as follows:

"Provided, that any duly licensed practitioner of
dentistry, may publicly announce by way of newspaper
or professional card that he is engaged in the prac-
tice of dentistry, giving his name, degree, office
location where he is actually engaged in practice,
office hours, telephone numbers and residence address;
and if he limits his practice to a specialty he may
state same."

In construing this paragraph of Article 752b we stated
in our Opinion No. O-1992.

"Certainly since this is a criminal statute and must be strictly construed, it would seem clear that the dentist could advertise in any manner and with as much space as he desires so long as his advertising did not fall under the prohibited practices of the article in question.

"We, therefore, respectfully advise that Article 752b, Penal Code as amended, is valid and constitutional and the proviso at the end of said article is permissive rather than restrictive."  (Emphasis ours.)

In other words, the last paragraph of Article 752b may not be made the basis for a criminal prosecution since said paragraph prohibits no practice whatsoever but merely indicates the type of advertising which a dentist may employ without violating any of the provisions of the Act.  It is our opinion, therefore, that Exhibit 5 does not constitute a violation of either of the above mentioned articles.

For the same reasons as mentioned with reference to Exhibit 5, we believe that Exhibit 6 is not unlawful by reason of the statement in the advertisement "office air conditioned."

For the same reason, we do not consider Exhibit 7 as violating the criminal statutes because it contains the phrase "Graduate Nurse Assistant;" or Exhibit 8 because it contains the phrase "X-Ray Equipped."

Exhibit 9 contains the statement "Dental X-Ray."  With regard to this exhibit you ask the question:  "If it is found that this particular dentist engaged in the general practice of dentistry, would this particular insert quoted above be in violation of the law . . .?"  The only reference to the advertising of a specialty by a dentist contained in the statutes is found in the last portion of the last paragraph of Article 752b, which reads:

"And if he limits his practice to a specialty, he may state same."

As hereinbefore stated, this last paragraph of Article 752b is permissibe and not restrictive and therefore cannot be made the basis of a criminal prosecution.  Accordingly, it is our opinion that Exhibit 9 does not constitute a violation of law.

For the same reasons as stated with reference to Exhibit 9, we believe that the advertisement in Exhibit 10 is not unlawful by reason of containing the phrase "Dentist and X-Ray Work." We have reached the same conclusion with reference to Exhibit 11 which contains the statement "Complete Line of X-Ray Work;" Exhibit 12 which states "Special Attention Given Plate Work;" Exhibit 13 which states "Doctor of Dental Surgery and General Dentistry" as well as "X-Ray Diagnosis;" Exhibit 15 which states "Dentistry -- Orthodontia -- X-Ray;" Exhibit 16 stating "Dental Surgeon -- X-Ray and Florascopic Work."

Exhibit 14 contains the statement "Dental Surgeon and Mechanical Dentistry." Of this you state: "The Board of Dental Examiners is at a loss to understand the meaning of the term 'Mechanical Dentistry.'" Conceding that the term "Mechanical Dentistry" does not have a well-recognized meaning among the dental profession we do not believe that it is "of a character tending to mislead or deceive the public" within the scope of Section (e) of Article 752b; wherefore we are of the opinion that Exhibit 14 will not justify criminal action.

The advertisement in Exhibit 17 contains the statement "All Work Guaranteed; Prices Reasonable." We believe the phrase "All Work Guaranteed" is a violation of Subsection (j) of Article 752b, which reads:

"Advertising to guarantee any dental services."

The statement "Prices Reasonable" cannot be construed, we believe to violate Section (h), which reads:

"Advertising bargains, cut rates, or special values in dental services . . ."

We agree with you that Exhibits 18, 19, 20 and 21 are all proper and authorized insertions to indicate, in the case of Exhibit 18, the opening of an office by a dentist; in Exhibit 19, a temporary location of dentist's office; in Exhibit 20, a contemplated location of a dentist's office in the near future; and in Exhibit 21, the association of another dentist with an established practitioner.

Exhibit 22 reads as follows:

"Dr. Buchanan
   Dentist
 Dr. Dixon's Location
   Lampasas, Texas."

       With reference to this advertisement you ask whether it is permissible for a dentist to refer to the fact that he is now occupying the premises for offices recently held by another dentist for an indefinite length of time or whether the reference to the previous practitioner's location must be dropped after a reasonable time has elapsed and the public should be informed of the new party's occupying such premises? We are unable to find any provision of the penal statutes which forbids a dentist to state that he is occupying the premises or offices formerly occupied by another dentist under any circumstances, wherefore we must conclude that no limitation on the time during which such an advertisement may be properly run can be found in the statutes.

       Exhibit 23 presents the advertisement by an optometrist announcing that he "has returned to practice in Fort Stockton, office with Dr. E. A. Roberson, Dentist." We do not believe this advertisement constitutes a violation of law by the dentist. Moreover, in a city the size of Fort Stockton, the public might be better advised of the location of the optometrist's office by referring to the office of Dr. E. A. Roberson, than if the street address were given.

       Exhibit 24 contains the statement "Formerly Mayo Dental Clinic." As stated in the preceding paragraph we know of no provisions in the statute which prohibit reference to the dentist formerly occupying the premises now occupied by the advertising practitioner.

       Exhibit 25 reads as follows:

"Dr. J. H. Williamson, Dentist
Kray Laboratory and Dental Diagnosis
Pyorrhea Treatment, Extraction, Artificial Teeth.

"How often to you see your DENTIST? Get the watchful help of your DENTIST before serious trouble occurs. Neglect is dangerous and costly."

       "Kray" is obviously a misprint for "X-ray" in this advertisement, and such misprint would not subject the dentist to prosecution for false or misleading advertising.

       As stated in our discussion of Exhibit 9, we do not consider the statement of several specialties as constituting a violation of Article 752b. Nor are we able to find any provisions of the statutes which forbids advertising by means of

a dissertation urging readers to see their dentists such as is contained in this exhibit.

We do not believe that the advertisement contained in Exhibit 26 wherein the doctor's name appears in bold and black-face type constitutes a violation of the Act. As stated in our Opinion No. 0-1992:

> "It would seem clear that the dentist could advertise in any manner and with as much space as he desires so long as his advertising did not fall under the prohibited practices of the article in question."

Exhibit 27 contains the statement "Credit Dentist." This statement can certainly not be construed as coming within the prohibitions of Sections (g) and (h) of Article 752b against advertising comparative values or bargains, and consequently we believe the same is not unlawful.

As to the statement "Has returned to Austin and Re-Opened His Office" in this exhibit, we can find no evil therein which is prohibited by statute.

Exhibit 28 contains a picture, presumably of the practitioner, we do not believe that this violates any penal provision, particularly not Section (o), which reads:

> "Advertising by means of large display signs, or glaring light signs, electric or neon, or such signs containing as a part thereof the representation of a tooth, teeth, bridge work, plates of teeth, or any portion of the human head, or using specimens of such in display, directing the attention of the public to any such person or persons engaged in the practice of dentistry."

We can not extend subdivision (o) which forbids advertising by means of "large display signs, or glaring light signs, electric or neon, or such signs containing as a part thereof the representation of a tooth, teeth, bridge work, plates of teeth or any portion of the human head," etc. "Large display signs" mentioned in this subdivision, when considered in connection with the other things named in the subdivision must be construed as something other than newspaper advertisements. In legal construction of statutes, words -- like people -- are known by their associates. And when the term "Display signs" is considered in this light, it means signs such as the others mentioned in that connection, and newspaper ads are not included.

Exhibit 29 contains the following statements:

"Good Plates Need Not Be Expensive
Must Fit -- Improve Your Appearance -- Be
Light In Weight -- Odorless -- Durable

"Easy Credit Terms."

This advertisement appears to have been skillfully written with the provisions of Article 752b in mind. The statement "Good Plates Need Not Be Expensive" is so phrased as not to come within subsection (h) forbidding advertising bargains, etc. "Must Fit," etc. can hardly be construed as a guarantee so as to come within subsection (j).

Exhibits 30, 31, 32 and 33 do not violate the statutes for reasons set out in our discussion of Exhibit 28.

We do not believe Exhibit 34 violates the prohibition against advertising bargains contained in Section (h) because of the statement "A Little Cash and A Small Amount Weekly."

For reasons heretofore discussed we can find no objection to Exhibits 35 and 36.

Exhibit 37 contains the statement: "A small amount down and a small amount weekly." Since no representation is made regarding the total cost of dental service, this statement cannot be construed as a bargain. We find no vice in the advertisement.

Exhibit 38 contains the statement: "I have always tried to make as good plates as humanly possible and at the same time keep my prices within the reach of the masses." It is our opinion that this quotation violates subsection (d) which forbids "statements as to skill" as well as subsection (h), since by clear implication it advertises bargains.

Exhibit 39 is bad in that the following quotation therefrom may be construed as "a statement as to the skill or method of practicing dentistry," at least by inference, forbidden in Section (d):

"Not so many years back the science of
dentistry had not progressed to where it could
rebuild sunken cheeks, almost eliminate wrinkles
and make plates that fit, look good, are light
in weight, odorless and durable, as it can today."

The claim of superior services is adroitly made, but whatever the phrasing the obvious meaning intended, and no doubt conveyed, is that Dr. Mayo is prepared to give and will give to the public that progressive dentistry that will "rebuild sunken cheeks, almost eliminate wrinkles and make plates that fit, look good, are light in weight, odorless and durable."  In other words, laying aside all modesty, his claim is that his is the place to obtain "modern dentistry."

Exhibit 40 is clearly a violation of Section (h) of Article 752b by reason of the statement "Volume Business -- Lowest Prices"  and other material which may be construed as a violation of Section (h) forbidding "advertising bargains, cut rates or special values."

The same may be said of Exhibit 41 which contains the statement "Good Plates Need Not Be Expensive" and "We have always tried to make as good plates as humanly possible and at the same time keep our prices within the reach of the masses" -- "Easy Payments $10 -- $15 -- $20."  Likewise the statement in Exhibit 41 "Dental Laboratories" is a violation of Section (q) which forbids "advertising to the public any commercial dental laboratory or dental clinic."

Exhibit 42 clearly contains statements in violation of Section (h) forbidding bargains.  Some of these are:  "I have ever tried and shall continue to try to give the people of Texas good but inexpensive dentistry;"  "Remember:  Good dentistry need not be expensive."  It is not enough to authorize a conviction that a dentist's advertisement violates the spirit of the Penal Code -- it must do more -- it must violate the plain import of the language of the statute.  We think this ad of Dr. Mayo does both.  Undoubtedly, throughout its length it violates the spirit of the statute, but specifically it violates the plain import of its language with respect to "superior service" and the offering of a "bargain."

In commenting upon the forty-two exhibits of sample dental advertisements which you have submitted to us, we have attempted to give you our opinion of whether or not a criminal prosecution under Article 752b or any other article relating to dental advertising would be sustained when based on each one of these forty-two advertisements.  We are not and cannot be concerned in this opinion with the desirability or propriety of a particular advertisement judged on the basis of the accepted canons of ethics of the dental profession.  Our opinion

giving approval or disapproval of these advertisements is based solely upon the language of the statutes prescribing unlawful advertisement and the decisions of the court applicable thereto.

We hope that this lengthy dissertation may be of some help to you in carrying out the official duties of the Texas State Board of Dental Examiners.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Walter R. Koch
Assistant

WRK:RS
ENCLOSURE

APPROVED FEB. 3, 1941

GERALD C. MANN,

ATTORNEY GENERAL OF TEXAS

THIS OPINION

CONSIDERED AND APPROVED

IN LIMITED CONFERENCE